# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

====

## NO. 03-06-00208-CV

====

**Shelly Frank, as Beneficiary of Eric Frank, Deceased, Appellant**

**v.**

**Liberty Insurance Corporation, Appellee**

====

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
## NO. D-1-GN-05-001135, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

====

## D I S S E N T I N G   O P I N I O N

I disagree with the majority's conclusion that the Texas Workers' Compensation Commission has misinterpreted its own rules with respect to what constitutes notice to a claimant for the purposes of calculating deadlines. Consequently, I respectfully dissent.

The majority concludes that, because the Commission has adopted a rule that requires it to send written communications to both a claimant and the claimant's lawyer (if the claimant has a lawyer), the time for appealing a Commission order does not begin to run until notice of a Commission order is received by both the claimant directly and the claimant's lawyer. However, the text of rule 102.5(a) does not say this, nor does any statute, law, or other regulation governing the Commission. Rule 102.5(a) provides as follows:

> After the Commission is notified in writing that a claimant is represented by an attorney or other representative, all copies of written communications to the claimant shall thereafter be sent to the representative as well as the claimant, unless the

claimant requests delivery to the representative only. However, copies of settlements, notices setting benefit review conferences and hearings, and orders of the Commission shall always be sent to the claimant regardless of representation status. All written communications to the claimant or claimant's representative will be sent to the most recent address or facsimile number supplied on either the employer's first report of injury, any verbal or written communication from the claimant, or any claim form filed by the carrier via written notice or electronic transmission.

28 Tex. Admin. Code § 102.5(a). This rule does not say anything about when appellate deadlines begin to run or what will trigger the running of those deadlines. It does not govern the running of appellate deadlines at all. It obligates the Commission to send written communications to both the claimant and the claimant's lawyer. It does not, however, create any remedy if the Commission fails to do this, nor does it speak to what happens, if anything, in the event of such a failure. There is also no language in the rule suggesting that, since the Commission is obligating itself to send written communications to both the claimant and the claimant's lawyer, any notice to the claimant will not be deemed "received" by the claimant for the purposes of appellate deadlines until both notices are received.

Consequently, it is inaccurate to conclude that the Commission's Advisory 93-11 (promulgated in November 1993) stating that notice to the claimant for all purposes will be established by the notice sent directly to the claimant is inconsistent with rule 102.5(a). There is nothing inconsistent between the rule and the advisory. The rule deals with how many copies of written communications the Commission will send out and to whom. The advisory deals with which of a number of multiple notices to a claimant will operate as formal notice. The rule and the advisory deal with entirely different subjects.

2

The running of the particular appellate deadline at issue in this case is governed by statute, not rule 102.5. Texas Labor Code section 410.202 provides:

> To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after *the date on which the decision of the hearing officer is received from the division* and shall on the same date serve a copy of the request for appeal on the other party.

Tex. Labor Code Ann. § 410.202 (West 2006) (emphasis added). The 15-day period for filing a request for appeal begins to run on the date the decision is "received" from the division. The statute does not mention how the decision has to be received or require that it be received by both the claimant and the claimant's lawyer. It simply has to be received by the claimant for the appellate period to begin running.

The Commission adopted rule 143.3 to further define the appeals process at the Commission. As would be expected, rule 143.3 tracks section 410.202 with respect to when the 15-day period for filing an appeal with the appeals panel begins to run—"not later than the 15th day after receipt of the hearing officer's decision." 28 Tex. Admin. Code § 143.3(a)(3). Thus, the applicable statute and rule here are consistent and refer to the date that the decision of the hearing officer is received. Rule 102.5(a) does not apply to this process.

Frank does not contest that she personally received the hearing officer's decision more than 15 days before she filed a notice of appeal with the appeals panel. Her complaint is that her lawyer did not receive the decision more than 15 days before the notice of appeal was filed. This complaint does not alter, in any way, the fact that Frank personally received the decision—satisfying

3

the express statutory requirement of notice—or that Frank failed to comply with the statutory deadline for filing a notice of appeal.

While the majority's insistence on notice to the party's attorney is consonant with standard civil litigation practice and the rules of civil procedure, it is not required by or necessarily consistent with the workers' compensation claims process. Under the rules of civil procedure, a party's attorney is officially designated as the formal agent for receiving written communications. *See* Tex. R. Civ. P. 8. The claims process at the Workers' Compensation Commission does not operate under the rules of civil procedure, however. The claims process attempts to accommodate claimants who represent themselves or want to pursue a claim without hiring a lawyer. It is not unreasonable that the legislature and the Commission, under these circumstances, would adopt a uniform notice process that relies on direct notice to the claimant rather than notice to counsel. Rule 102.5(a) highlights this feature in its explicit insistence on delivery of copies of Commission orders directly to claimants regardless of whether they are represented by counsel.

In an effort to accommodate lawyers, the Commission adopted rule 102.5(a) obligating itself to send them copies of written communications as well as sending communications directly to claimants. This rule, however, altered nothing about formal notice under section 410.202 or rule 143.3. The Commission issued Advisory 93-11 to make sure everyone understood that the fact that it was sending copies of written communications to both the claimant and the claimant's representative did not change which of these deliveries would operate as the statutorily required notice to the claimant for purposes of calculating deadlines. These have been the operating rules of the Commission since November 1993, and there have been multiple decisions by the Commission's

4

appeals panel upholding this application of the rules during the intervening fourteen plus years. Given the way the claims process works at the Commission, the procedure implemented by the Commission is not unreasonable.

It is reasonable for the Commission to rely on a single notice to be the operative trigger for appellate deadlines. It is also reasonable for the Commission to agree to send copies of written communications to both claimants and their lawyers. What authority prevents the Commission from designating which of these notices will operate as formal notification for purposes of calculating deadlines? No statute or rule does so. On its face, rule 102.5(a) does not do so. It will certainly come as a surprise to the Commission to find out that its effort to accommodate lawyers and to "reduce potential delays in distributing information" has had the unintended consequences of (1) obligating the Commission to demonstrate receipt of an order by *both* the claimant and her lawyer before the 15-day deadline for filing an appeal starts running,[1] and (2) extending its own plenary power to review decisions of hearing officers *by rule*. The majority's interpretation of rule 102.5(a) is not only inconsistent with the rule's text, but it also puts the Commission in the odd position of altering its plenary power to hear appeals by rule without going to the legislature to get section 410.202 amended. The majority's interpretation of rule 102.5(a) also creates an unwise incentive for the Commission to abandon the reasonable procedure of sending copies of written communications to claimants' lawyers.[2]

---

[1] Unlike under the rules of civil procedure, notice to the attorney alone would not be sufficient under the majority's interpretation of rule 102.5(a).

[2] Since the majority finds that the Commission created the requirement of receipt of notice by both the claimant and the claimant's lawyer before notice is effective by implementing rule 102.5(a), it is not much of a leap to think that the Commission might consider solving this problem

While, as a matter of policy, one might want a system where the operative notice to a represented claimant is the notice sent to the lawyer, that is not the system that has been mandated for the Commission by either the legislature or by the Commission itself. The majority's desire to correct an oversight that looks to have contributed to Ms. Frank's missing her deadline for appealing the decision of the hearings officer is understandable.[3] However, the courts are not authorized to mandate this requirement in the absence of statutory or regulatory direction. Yet, this is precisely what the majority is doing when it creates a remedy for the Commission's failure to send the lawyer a copy of the hearing officer's order under rule 102.5(a) that is not in the rule itself, not in any other rule, and not in a statute.

When reviewing an agency interpretation of its own rules, we start with the proposition that the agency's interpretation of its own rules is entitled to deference unless it is plainly erroneous, inconsistent with the text of the rule, or inconsistent with a statute or the constitution. The majority concludes that the Commission's position that the notice received directly by a claimant will be the operative notice is inconsistent with the text of rule 102.5(a). This conclusion then becomes the basis to find that the filing period does not begin to run until two notices of a

---

by amending the rule. This could mean eliminating the delivery of written communications to lawyers and relying solely on sending written communications directly to claimants. Of course, a better approach would be to allow claimants to elect to designate their attorneys as their agents for official notice.

[3] The Commission's failure to send a copy of the order to Frank's lawyer was not the only factor contributing to her missing the deadline for filing an appeal. Frank's failure to communicate with her lawyer regarding the copy of the order she did receive, her failure to inform the Commission that she wanted all communications to her to go to her lawyer as allowed by rule 102.5, and her reliance on her lawyer receiving notice, even though the Commission had not considered such receipt to be the operative, formal notice for deadline purposes since November 1993, also played a role in Frank missing her deadline to appeal.

Commission order are delivered to a claimant—one to the claimant directly and one to the claimant's lawyer. However, I do not see what text in rule 102.5(a) speaks in any way to which of the written communications sent by the Commission will operate as formal notice for the purpose of calculating the statutory deadline of section 410.202, much less that it requires notice to both the lawyer and the claimant to trigger the filing deadline. Although I am sympathetic to Ms. Frank's situation, I believe the applicable jurisdictional statute mandates dismissal of her appeal.

I would affirm the judgment of the trial court.

_____

G. Alan Waldrop, Justice

Before Justices Pemberton, Waldrop and Henson

Filed: April 11, 2008